CHARLES DUSENBURY *et al.*, as Surviving Partners, &c., of Thomas Dusenbury & Sons, Respondents, *against* WILLIAM W. DUSENBURY, as Administrator, &c., of Thomas Dusenbury, Deceased, Appellant.

(Decided June 5th, 1882.)

An application by one of the parties to an action for the appointment of a receiver before final judgment in the action, founded only upon concurrent demands by both parties in their respective pleadings for such appointment, should not be granted.

APPEAL from an order of this court appointing a receiver.

The action was brought by plaintiffs, as surviving partners of the defendant's intestate, to recover possession of goods, chattels and money alleged to be in defendant's

---

*The judgment entered upon this decision was affirmed by the Court of Appeals, November 25th, 1884 (see 97 N. Y. 370).

Dusenbury v. Dusenbury.

hands as administrator of the deceased partner. The answer, besides other allegations, put in issue the partner-ship. It included in its demand for relief a prayer for the appointment of a receiver, in which the plaintiffs joined by their reply. The latter moved for the receiver. The defendant resisted the application. The motion was granted, and from the order appointing the receiver the defendant appealed.

*Ira D. Warren*, for appellant.

*Hall & Blandy*, for respondents.

BEACH, J.—[After stating the facts as above.]—The learned counsel for the respondents admits that the order cannot be sustained save upon the concurrent demands in the answer and reply. The motion papers do not bring the case within the provisions of the Code authorizing the court to grant such an order (Code Civ. Pro. § 713, subd. 1).

I am of opinion the learned court below gave an effect to the defendant's demand for relief much greater than is warranted by its nature or force. A party should ask any relief to which he supposes himself entitled. But his so doing does not preclude him from declining to take any part thereof, nor from demanding aught additional supported by the facts. Neither is the court limited, in awarding judgment. That is given in accord with the facts, and not the requests of the suitor. A different principle would make the action of the court subordinate to the wish of parties instead of the rules of law or practice. This portion of a pleading is given controlling effect but in one instance. It is, when there is no answer, the judgment must be restricted to what is asked for in the complaint. If an answer is interposed, the court grants any relief within the case shown by the complaint, and embraced in the issue.

VOL. XI.—8

The order should be reversed, with costs.

J. F. DALY and VAN HOESEN, JJ., concurred.

Order reversed, with costs.